UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELIO POZO CHAVEZ,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-3211

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.22.) In an order entered on November 10, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus

should not be granted. (Order, ECF No. 3.) Respondents filed their response and a recording of the July 28, 2026, bond hearing on November 16, 2026, (Resp., ECF No. 4; Recording of July 28, 2026, Bond Hearing, filed on Nov. 16, 2026), and Petitioner filed his reply on November 19, 2026, (ECF No. 5).

## II. Relevant Factual Background

Petitioner is a citizen of Peru who entered the United States in 2022. (Form I-213, ECF No. 4-1, PageID.91.) On June 24, 2026, Petitioner was arrested by ICE in the Bronx, New York. (*Id.*)

On December 29, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Pozo-Chavez v. Blanche* (*Pozo-Chavez I*), No. 3:26-cv-07917 (D.N.J.). In *Pozo-Chavez I*, the United States District Court for the District of New Jersey ordered Respondents to provide Petitioner with an individualized bond hearing before an immigration judge within ten days of date of entry of the Court's order. Text Order, *Pozo-Chavez I*, (D.N.J. June 30, 2026), (ECF No. 3).

On July 28, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 4-3, PageID.96.) At the bond hearing, the Immigration Judge denied bond, stating: "[T]he court is going to find that [Petitioner] has not established that he does not pose a flight risk," and "to the [Petitioner], sir, the court is going to deny your request for bond today, finding you did not establish you do not pose a flight risk." (Recording of July 28, 2026, Bond Hearing, at 9:28–9:35, 11:20–11:28, filed on Nov. 16, 2026.) In the Immigration Judge's written order denying bond, the Immigration Judge stated: "Flight risk." (July 28, 2026, Immigration Judge Order, ECF No. 4-3, PageID.96.)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on

the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.[1]

**<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if

[1] Petitioner's § 2241 petition also raises claims regarding the conditions of Petitioner's confinement with respect to his medical care. To the extent Petitioner wishes to do so, Petitioner is free to raise these claims in a civil rights action.

and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: November 24, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge